UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 04-61159-CIV-LENARD/TORRES

STEPHEN J. MAZUR, individually and            :
on behalf of all others similarly situated,   :
                                              :
                        Plaintiff,            :
                                              :
vs.                                           :
                                              :
IRA B. LAMPERT, HARLAN PRESS,                 :
RICHARD FINKBEINER, BRIAN F. KING             :
and CONCORD CAMERA CORP.,                     :
                                              :
                        Defendants.           :
                                              :

**LEAD PLAINTIFF'S EMERGENCY MOTION TO TAKE IN EXCESS OF TEN
DEPOSITIONS AND INCORPORATED MEMORANDUM OF LAW**

**Motion**

Stephen J. Mazur ("Plaintiff"), by and through his undersigned counsel, moves pursuant to Federal Rule of Civil Procedure 30(a)(2)(A), for leave to take in excess of ten depositions in this action.[1]

Because this matter needs to be resolved in an expedient manner, Plaintiff respectfully requests that pursuant to Southern District of Florida Local Rule 7.1(E) the Court waive the time requirements and grant an immediate hearing on this Motion. Under the current Scheduling Order, Plaintiff must furnish opposing counsel with a list of fact witnesses Plaintiff intends to

---

[1] On May 5, 2005, the Court ordered that this case be consolidated for discovery purposes with the Complaint filed by Plaintiff Paul J. Nieman, No. 05-60574CIV. [D.E. 26]. The consolidation of these two cases arguably entitles Plaintiff to twenty depositions.

1

called at trial on March 20, 2007, and all fact discovery must be completed by May 1, 2007. [D.E. 83].[2] Plaintiff has already deposed five individuals, and has noticed depositions for twelve additional individuals, including the four Defendants, beginning as early as March 6, 2007 and continuing through April 25, 2007. See chart listing depositions noticed in this litigation to date, attached hereto as Exhibit A. A ruling on this motion to exceed the ten deposition limit is necessary before Plaintiff takes the twelve depositions remaining on the attached scheduled.

Plaintiff has demonstrated good cause to grant an immediate hearing on this Motion, and as shown below, Plaintiff's motion to exceed the ten deposition limit should be granted.

### Certification Under Local Rule 7.1(A)(3)

Undersigned counsel certifies pursuant to Local Rule 7.1(A)(3) that prior to filing this motion they conferred with counsel for Concord Camera Corporation, Ira B. Lampert, Harlan Press, Brian F. King, and Richard Finkbeiner (collectively "Defendants") on February 22, 2007 in a good faith effort to resolve the issues raised in this motion and have been unable to do so.

### Memorandum of Law

**I.      Introduction**

This action against Concord Camera Corporation ("Concord Camera" or the "Company") involves complicated issues of law and fact arising from alleged violations of Section10(b) and 20(a) of the Securities Exchange Act of 1934, and the rules promulgated thereunder by the

---

[2] Currently pending before the Court is a Joint Motion for Extension of Time to Complete Discovery, filed on February 15, 2007. [D.E. 87]. If granted, the discovery dates outlined in the current Scheduling Order may change accordingly.

Securities Exchange Commission ("SEC") including Rule 10b-5.[3] Plaintiff alleges that the Defendants made materially false and misleading statements about Concord Camera's inventory valuation; inventory and return reserves; internal controls; profit margins on the Company's production and sale of digital cameras; revenues recognized; the status of their relationship with Eastman Kodak ("Kodak"), one of Concord Camera's largest customers; and the timing of the departure of Brian King, a key member of Concord Camera management.

As a result of this wrongful conduct, Concord Camera's true financial condition was hidden from the market. On August 31, 2004, Concord Camera's financial condition was questioned when the Company filed a Form 8-K announcing that its newly hired Chief Financial Officer ("CFO"), Donald Dawn, resigned from the Company after holding the position for only weeks. After this disclosure, Concord Camera's stock price dropped to a new low, as the market anticipated the imminent disclosure of adverse information related to the Company's financial reporting. Thousands of class members have sustained damages as a result of Defendants' wrongful conduct described in detail below.

Given the myriad issues relevant to the claims and anticipated defenses in this action, the amount at stake for numerous class members, the importance of this litigation to the public good, the number and geographic diversity of divisions at Concord Camera that are involved in the resolution of these issues, and the number of persons who possess knowledge of the facts and circumstances necessary for each side to litigate their respective positions, Plaintiff seeks leave to take seven depositions in excess of the proscribed ten deposition limit in the Rules. Such relief

---

[3] It is widely recognized that "stockholder litigation is notably difficult and notoriously uncertain." Lewis v. Newman, 59 F.R.D. 525, 527 (S.D.N.Y. 1973).

comports with the purposes of Fed. R. Civ. P. 30 (a)(2)(A) and 26(b)(2) and, therefore, should be granted.

**II.    The Court Should Permit More Than 10 Depositions Per Side**

Rule 30(a)(2)(A) provides, in pertinent part, that "[a] party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), . . . if, without the written stipulation of the parties, (A) a proposed deposition would result in more than ten depositions being taken under this rule . . ."

Under Rule 26(b)(2), the court should order depositions in excess of the ten permitted under Rule 30(a)(2)(A) by considering the relative burden and expense in light of the Rule 26(b)(2)(iii) factors, namely "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."  Several of the factors unquestionably weigh in favor of permitting additional depositions here.  The amount in controversy is large with damages estimated in the multi-millions.  The parties' resources are also large relative to the cost of litigation: all Defendants are represented by the same Counsel, and Concord Camera's resources are sufficient that the cost of defending the additional depositions will not present a significant drain.  As stated above, the issues at stake in this litigation include whether Defendants defrauded thousands of investors, and the proposed depositions involve key individuals who are the most knowledgeable about – and thus are crucial in resolving – the issues in the case.  The Plaintiff's needs outweigh any potential expense or burden imposed by the proposed additional deposition discovery.

Concord Camera, designs, develops, manufactures and markets image capture products on a worldwide basis. Concord Camera, headquartered in Hollywood, Florida, is a global multi-million dollar company and employs thousands of people worldwide in over seven countries. During the Class Period, Concord Camera manufactured its cameras in China and sold its products worldwide through sales and distribution offices in the United States ("Keystone"), Germany, Japan, Hong Kong ("CCHK"), Canada, the United Kingdom, and France.

Plaintiff has already deposed five important witnesses, as is explained below. In addition, Plaintiff seeks to depose Concord Camera employees responsible for the Company's accounting; Concord Camera employees responsible for the Company's budgets and forecasts; Concord Camera employees with direct responsibility over contracts, production, sales and returns of Concord Camera products; a key member of the Concord audit team from the Company's outside auditor, Ernst & Young; and the four individual Defendants.

Plaintiff has identified the witnesses noticed through extensive document discovery. Plaintiff received over 150,000 pages of documents from Defendants; over 84,000 pages of documents from over thirty-five third-party customers, consultants, auditors, lenders, analysts, and warehouse operators, including approximately 30,000 pages of documents from Ernst & Young.

### A. Depositions Plaintiff Has Already Taken

Plaintiff has already deposed the following five witnesses:

1. <u>Donald Dawn.</u> Mr. Dawn was the CFO of Concord Camera from August 2, 2004 through August 28, 2004. Mr. Dawn resigned from his position as CFO of Concord Camera after less than three weeks with the Company. His abrupt departure from Concord

Camera indicated to the market severe problems with Concord Camera's accounting and/or business plan. Mr. Dawn was deposed for only half of a day.

2.   <u>John Preval</u>.  Mr. Preval was a member of the Ernst & Young audit team engaged to audit Concord Camera during the Class Period, who was involved in reviewing the Company's inventory.

3.   <u>Paul Sisak.</u> Mr. Sisak was the Concord Camera Divisional Controller for the Keystone Division during the Class Period, which is the United States sales division of Concord Camera who prepared the financials for Keystone, including its inventory valuation and reserves for returns.

4.   <u>Gary Steiner</u>.  Mr. Steiner is an analyst with Awad Asset Management, who owned 13% of Concord Camera's stock during the Class Period, was cited in a <u>Business Week</u> article issued on December 1, 2003 entitled, "Christmas Bonanza for Concord?", and is knowledgeable about the digital camera industry.  Mr. Steiner was deposed for three hours.

5.   <u>Rodney King</u>.  Mr. King was Concord Camera's Vice President and Director of Sales for the Americas during the Class Period.  Mr. King had contact with customers and was aware of their perception of the Concord Camera digital camera product and its sell-through and customers' post-sale requests for returns and allowances.

**B.   Depositions That Lead Counsel Believes Are Needed To Develop The Evidentiary Record For Trial**

Similar to the witnesses already deposed, each deponent identified below has specific information that, based upon the documents produced to date, will not be substantially cumulative of any other witness.  Without these depositions, Plaintiff will be unable to discover

the information possessed by these persons, e.g., actions taken by the identified person, conversations, and meetings attended with persons other than the identified deponents. Plaintiff plans on taking the depositions in the office of Defendants' counsel located in Florida, where the Company is headquartered, by telephone, or at a location where the witness works or resides to minimize any inconvenience, cost, or burden.

The following list of individuals, whose depositions have already been noticed, is provided to demonstrate to the Court the necessity of exceeding the ten deposition limit.[4]

1. Four Defendants Noticed

The four individual Defendants, Ira B. Lampert the Chief Executive Officer ("CEO") of Concord Camera, Harlan Press the Vice President and Treasurer of Concord Camera, Brian F. King the former Senior Executive Vice President of Concord Camera, and Richard Finkbeiner the former Senior Vice President and CFO of Concord Camera, each need to be deposed.

2. Eight Other Deponents Noticed

a. Gerald Angeli. Mr. Angeli was responsible for Concord's Original Equipment Manufacture business, the largest of which was Kodak, and managing and coordinating Concord's U.S. product development efforts. In Defendants' Initial Disclosures, they disclosed that Mr. Angeli may also have knowledge regarding Brian King's departure. See Defendants' Initial Disclosures made Pursuant to Rule 26(a)(1) ("Initial Disclosures"), attached hereto as Exhibit B.

b. Keith Lampert. Mr. Lampert is the son of the CEO and Defendant Ira B. Lampert and held high-level positions at Concord Camera, including serving as Director of

---

[4] Plaintiff reserves the right to alter or expand this list as circumstances warrant.

Worldwide Operations and Chief Operating Officer ("COO") of Concord Camera. In their Initial Disclosures, Defendants disclosed that Mr. Lampert may have knowledge regarding inventory lower of cost or market adjustments, the change in the accounting method, internal controls, and Concord Camera's relationship with Kodak.

    c. <u>Joseph Leonardo.</u> Mr. Leonardo was the Vice President of Concord Camera, and Director of Manufacturing Operations and Deputy Managing Director of CCHK. Mr. Leonardo oversaw the day-to-day China operations and reported to Keith Lampert. His insight into the daily operations, manufacturing and production of digital cameras, inventory held for manufacturing and sale in the CCHK division and the Kodak relationship is invaluable.

    d. <u>M.K. Myatt.</u> Ms. Myatt was the senior manager of the Ernst & Young audit team engaged to audit Concord Camera. Plaintiff has currently noticed the deposition of M.K. Myatt on March 6, 2007. The deposition will take place over the telephone and will be limited to three hours. According to documents produced by Ernst & Young and Ernst & Young's general counsel, Ms. Myatt was present at Concord Camera board meetings and conference calls and is most knowledgeable regarding the Ernst & Young management letter issued at year end 2004 that outlines severe problems with Concord Camera's inventory valuation and reserves, internal controls, digital camera gross profit margin and production, and returns policy.

    e. <u>Blaine Robinson.</u> Mr. Robinson was the Controller and principal accounting officer of Concord Camera during the Class Period. Mr. Robinson oversaw the monthly consolidation of worldwide operating results.

    f. <u>Craig Smith.</u> Mr. Smith was Concord Camera's Manager of Financial Planning and Analysis during the Class Period.  His responsibilities included preparing monthly financial reviews and quarterly financial analyses as well as monitoring the budgets and forecasts for the entire Concord Camera entity.  These documents were circulated to the Defendants during the class period.  Mr. Smith's testimony regarding the circulation of these documents and comments received is necessary.

    g. <u>Urs Stampfli.</u> Mr. Stampfli was the Senior Vice President and Director of Global Sales and Marketing for Concord Camera and was responsible for the pricing of unsold inventory and authorizing returns and sales allowances.  Mr. Stampfli sold stock during the Class Period.

    h. <u>David Wand.</u> Mr. Wand was the Vice President of the Worldwide Supply Chain of Concord Camera.  Mr. Wand was responsible for the world-wide supply chain, operations and information technology functions including the management of Concord Camera warehouses, product distribution, inventory functions and all related personnel.  Mr. Wand sold stock during the Class Period.

**III.** **Conclusion**

  In light of the size and decentralized structure of Concord Camera, the number and the importance of the issues at stake, the importance of the proposed depositions in resolving the issues in this litigation, and the difficulty of proving corporate knowledge in a securities fraud action, Plaintiff believes that the seventeen depositions proposed are essential to the proper

prosecution of this lawsuit.  For this reason,  exceeding the ten deposition limit to take seventeen depositions is reasonable and should be permitted by the Court.

Dated: February 28, 2007        Respectfully Submitted,

**VIANALE & VIANALE LLP**

By:<u>s/ Kenneth J. Vianale</u>
   Kenneth J. Vianale, Esquire
   (Florida Bar No.0169668)
   Julie Prag Vianale
   (Florida Bar No. 0184977)
   2499 Glades Road, Suite 112
   Boca Raton, FL 33431
   Tel: (561) 392-4750

   *Liaison Counsel for Lead Plaintiff and the Class*

   Sherrie R. Savett
   Robin Switzenbaum
   (Florida Bar No. 0862088)
   Michael Fantini
   Shauna B. Itri
   **BERGER & MONTAGUE, P.C.**
   1622 Locust Street
   Philadelphia, PA 19103
   Tel: (215) 875-3000

   *Lead Counsel for Lead Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 28, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

**Hilarie Bass**
bassh@gtlaw.com

**Richard Eugene Brodsky**
rbrodsky@ssd.com tdonner@ssd.com

**Alvin Bruce Davis**
adavis@ssd.com

**Emily Cornelia Komlossy**
ekomlossy@labaton.com

**Wendy Susan Leavitt**
wleavitt@ssd.com

**Sandra Jessica Millor**
millors@gtlaw.com FernandezFe@gtlaw.com

**Eric Todd Salpeter**
esalpeter@zpllp.com

**Holly Robin Skolnick**
skolnickh@gtlaw.com

**Edward Herbert Zebersky**
ezebersky@zpllp.com

I FURTHER CERTIFY that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

N/A

                                              s/ Julie Prag Vianale
                                              Fla. Bar No. 0184977
                                                Attorney for Lead Plaintiff
                                              Vianale & Vianale LLP
                                              2499 Glades Road, Suite 112
                                              Boca Raton, FL 33431
                                              Tel:   561-392-4750
                                              Fax:   561-392-4775
                                              jvianale@vianalelaw.com