UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-61159-CIV-LENARD/TORRES

STEPHEN J. MAZUR, individually and
on behalf of all others similarly situated,

        Plaintiff,

vs.

IRA B. LAMPERT, HARLAN PRESS,
RICHARD FINKBEINER, BRIAN F. KING
and CONCORD CAMERA CORP.,

        Defendants.
_____/

**ORDER DENYING EMERGENCY MOTION
TO TAKE IN EXCESS OF TEN DEPOSITIONS**

This matter comes before the Court upon Lead Plaintiff's Motion, filed on an emergency basis, for leave to take in excess of ten depositions in this case [D.E. 89]. It is entirely unclear from the Motion why it necessitates emergency treatment, in light of the fact that the discovery period has been ongoing at least from the date of the last Scheduling Order entered October 27, 2006, and the object of the motion is simply the right to take more discovery than ordinarily permitted. Thus, this motion is *not* an emergency motion, as that term is intended by the Court's Local Rules.

Nevertheless, because the Motion is requesting expedited consideration based upon the parties' planned deposition schedule and the discovery cutoff currently set for May 1, 2007, the Court will expedite consideration of the Motion. The Court has reviewed the Motion and noted the Defendants' opposition to the Motion as certified by Plaintiff's counsel. The Court finds that no formal response to the Motion is necessary at this time. For the following reasons, the Motion is Denied without prejudice.

1. Plaintiff argues that he has demonstrated good cause to take as much as seventeen (17) depositions in the case, after having taken a total of five depositions to date. Plaintiff plans to take an additional twelve depositions in the two months left in the discovery period that expires May 1, 2007. Plaintiff's Motion relies upon the complexity of this securities fraud case, the importance of the issues at stake and the proposed depositions to resolve those issues as reasons why the normal ten-deposition limit should be exceeded by seven depositions per side.

2. When a party seeks leave to take more than ten depositions as limited by Fed. R. Civ. P. 30(a)(2)(A), the Court's decision whether to grant such a request is governed by the principles set out in Rule 26(b)(2):

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking in to account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2).

3. Accordingly, a party seeking more than ten depositions in a case must justify the necessity of each deposition *previously taken* without leave of court. *See Barrow v. Greenville Indep. School Dist.*, 202 F.R.D. 480, 482 (N.D. Tex. 2001). Moreover, the moving party must make a particularized showing why extra depositions are necessary. *Id.*; *Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minn.*, 187 F.R.D. 578, 586 (D. Minn. 1999). It is, therefore, impossible for Plaintiff to demonstrate that particularized showing in this case because, to date, he has only taken five depositions.

Plaintiff can at this point only speculate as to what the other five depositions they are permitted to take by rule will reveal.

4.  Moreover, Rule 30(a)(2)(A) clearly contemplates that a party has already taken ten depositions before a motion is filed seeking leave of court for a "proposed deposition [that] would result in more than ten depositions being taken under this rule. . . ." That is why the court in *Archer Daniels* denied a request similar to Plaintiff's request here. *Id.* at 587 (a party "should appropriately exhaust its current quota of depositions, in order to make an informed request for an opportunity to depose more witnesses, before seeking leave to depose a legion of others"); *see also Whittingham v. Amherst College,* 163 F.R.D. 170, 171 (D. Mass. 1995) (a similar local rule "requires a party to exhaust available discovery before seeking leave for additional discovery events").

5.  Plaintiff's Motion anticipates that a wide range of issues and defenses will require extensive discovery and additional depositions. That may or may not turn out to be the case. But the Court will not entertain a premature motion to exceed the standard number of depositions based upon speculation and conjecture, even if it is reasonably informed and asserted in good faith as is the case here.

6.  Additionally, the fact that this case involves a complex securities fraud action does not, by itself, require that the parties be given a slew of additional depositions as contemplated in the Motion. Clearly, the drafters of the rule understood that many of the cases filed in Federal Court that would ever require more than ten depositions would be securities fraud actions. Yet, the drafters of the rule did not exempt such actions from the force of the rule. Thus, absent a proper showing of necessity and good cause, this Motion to exceed the customary and rule-based limit of depositions in a case cannot be granted.

7.     It is important for all parties to understand that prior to taking any deposition they must always assess whether or not a deposition of that witness is truly necessary, based in part upon the time and expense that even a single deposition incurs for all parties involved.  Parties must also take into account the standard ten deposition limit in making that assessment.  And only after that process has borne out will the parties truly appreciate whether extraordinary discovery, as contemplated in Plaintiff's motion, will be absolutely necessary to justify a motion for leave under Rule 30(a)(2)(A).  That process has clearly not been exhausted in this case.

8.     Having said that, of course, the Motion is denied without prejudice because Plaintiff may be able to show at a later date that he can demonstrate good cause to take additional depositions beyond the normal limit.  In the event that Plaintiff will feel compelled to renew this motion, he will have to justify the necessity of taking each and every one of the five upcoming depositions that he is permitted under the rule.  And, such a request may be moot, of course, if the discovery period is exhausted and the Court does not grant the pending motion for extension of the discovery period in the case.  Clearly, this Court will not grant leave to take more than ten depositions past the date of the discovery cutofff.  In that case, of course, the parties are free to take additional depositions beyond the cutoff date but only by all parties' agreement.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Leave to Take in Excess of Ten Depositions **DENIED** without prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of February, 2007.

_____
EDWIN G. TORRES
United States Magistrate Judge