**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 04-61159-CIV-LENARD/TORRES

CONSENT MOTION

STEPHEN J. MAZUR, individually and
on behalf of all others similarly situated,

       Plaintiff,

vs.

IRA B. LAMPERT, HARLAN PRESS,
RICHARD FINKBEINER, BRIAN F.
KING and CONCORD CAMERA CORP.,

       Defendants.
_____/

**ORDER ON DEFENDANTS' MOTION TO COMPEL LEAD**
**PLAINTIFFS TO DISCLOSE THE IDENTITIES OF CONFIDENTIAL WITNESSES**

This matter is before the Court upon Defendants' Motion to Compel Lead Plaintiffs to Disclose the Identities of the Confidential Witnesses [D.E. 88]. The Court has reviewed the Motion, Plaintiffs' response in opposition, Defendants' Reply, and the record in the case. This matter is ripe for disposition.

### I.  BACKGROUND

In this securities fraud case, Defendants' Motion seeks to compel specific answers to interrogatories served upon the Plaintiffs that sought to obtain the identities of "Confidential Witnesses" identified in several paragraphs of the Consolidated Class Action Complaint. In response to those interrogatories, Plaintiffs generally objected to the disclosure of such identities based upon the work product doctrine, arguing that all persons with knowledge were identified in Plaintiffs' Rule 26(a) disclosures and would also be identified in the trial witness disclosures required by the Court's Pretrial Order.

The pending Motion takes issue with that position and seeks to obtain the identities of the Confidential Witnesses so that Defendants may depose those individuals whom Plaintiffs are relying upon on the face of the Complaint. Defendants argue that there is no work product protection for this information and that, even if there was, Defendants face undue hardship if the identities of these former Concord Camera employees are not disclosed prior to the close of discovery.

Plaintiffs insist that the identification of these individuals is protected work product and should not have to be disclosed, other than in the normal course of disclosing all persons with knowledge of the facts alleged, a duty with which Plaintiffs have complied. Plaintiffs also cite the public policy interests involved in forcing persons seeking to enforce the securities fraud laws to identify whistleblowers who may later face retaliation for having come forward with information against the interests of their current or former employer.

A review of Plaintiffs' initial disclosures shows that Plaintiffs identified all persons with potential knowledge concerning the allegations in the Complaint, including the names, addresses and telephone numbers of Plaintiff's witnesses, as well as each source's job title or position with Concord Camera, and the source's specific area of knowledge. Of the 95 potential witnesses identified in Plaintiff's Disclosures, only 75 persons are identified as former or current officers, directors, or employees of Concord. Of this group, only 38 potential witnesses are listed as "former employees" of Concord and a description of their job title at Concord is provided. Because the Complaint specifically identifies each of the Confidential Witnesses as a "former employee," Plaintiff argues that the list of persons who Plaintiffs believe are "Confidential Witnesses" are limited to these 38 people, thus allowing Defendants to conduct their own investigation, interviews, and obtain their own depositions of these individuals to ascertain what

knowledge they may have regarding the allegations in the Complaint. Consequently, Plaintiffs argue that there is no necessity in forcing Plaintiffs to single out which of those 38 former employees are the Confidential Witnesses named in the Complaint.

## II. ANALYSIS

Before addressing the particular "work product" argument raised here, it is helpful to set forth the well understood parameters under which this or any other work product dispute must be evaluated. Rule 26(b) of the Federal Rules of Civil Procedure defines the scope of discovery as including "any matter, not privileged, that is relevant to the claim or defense of any party" or, upon a showing of good cause, "any matter relevant to the subject matter involved. . . ." Rule 26(b)(1) sets forth some categories of information that are discoverable, and includes *"the identity and location of persons having knowledge of any discoverable matter."* Even after the 2000 amendments to Rule 26, it is well established that courts must employ a liberal discovery standard in keeping with the spirit and purpose of this rule. *Graham v. Casey's Gen. Stores,* 206 F.R.D. 251, 253 (S.D. Ind. 2002); *e.g., In re Theragenics Corp. Secs. Litigation,* 205 F.R.D. 631, 636-37 (N.D. Ga. 2002); *White v. Kenneth Warren & Son, Ltd.,* 203 F.R.D. 364, 366 (N.D. Ill. 2001). Accordingly, discovery should ordinarily be allowed unless it is clear that the information sought has no possible bearing on the claims and defenses of the parties or otherwise on the subject matter of the action. *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.,* No. 01-0392-Civ-Gold, 2001 WL 34079319 *2 (S.D. Fla. Nov. 1, 2001).

Through a series of amendments since the Rule was adopted, the current post-2000 Rule 26 codifies specific limitations on this broad general rule of discovery. One of those limitations is found in Rule 26(b)(3) (emphasis added):

> Trial Preparation: Materials. Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of *documents and tangible things otherwise discoverable* under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative . . . only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means."

On its face, therefore, Rule 26(b)(3) *does not* limit discovery into the identity and location of witnesses with knowledge of "any discoverable matter" as described in Rule 26(b)(1). The codified "work product" rule applies expressly to only materials and tangible documents or things. The rule does not apply to the facts of a case that are known or gathered in preparation for litigation or trial, the most obvious example of which is the identity of witnesses and persons with knowledge. *See In re Ford Motor Co.,* 110 F.3d 954 (3d Cir. 1997); *Vardon Gulf Co., Inc. v. Karsten Mfg. Corp.,* 213 F.R.D. 528, 534 (N.D. Ill. 2003).

Other provisions of the Rules amply make this point clear. Rule 26(a)(1)(A) requires the disclosure at the initial stages of a case of the name and address of "individual[s] likely to have discoverable information that the disclosing party may use to support its claims or defenses, . . . identifying the subjects of the information." Rule 26(a)(3)(A) then requires a more specific disclosure as trial approaches of the name, address, and telephone number of those individuals "whom the party expects to present and those whom the party may call if the need arises; . . ."

The drafters of these Rules were mindful of the "work product" nature of identification of persons known to a party. "A party is no longer obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use. . . . Because the disclosure obligation is limited to material that the party may use, it is

no longer tied to particularized allegations in the pleadings." Adv. Comte. Notes, 2000 Amends., Rule 26(a)(1).

Consequently, under the plain language of the operative Rule in this matter, a claim of work product protection in response to an interrogatory asking for the identity of specific witnesses identified in a complaint must fail. No better authority for this proposition can be found than the original work product case, *Hickman v. Taylor,* 329 U.S. 495 (1947). That decision clearly distinguished "facts" that governed the particular litigation from trial preparation documents created by or generated for attorneys:

> The new rules, however, restrict the pleadings to the task of general notice-giving and invest the deposition-discovery process with a vital role in the preparation for trial. The various instruments of discovery now serve (1) as a device, along with the pre-trial hearing under Rule 16, to narrow and clarify the basic issues between the parties, and (2) *as a device for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues.* Thus civil trials in the federal courts no longer need be carried on in the dark. The way is now clear, consistent with recognized privileges, *for the parties to obtain the fullest possible knowledge of the issues and facts before trial.* . . .
>
> Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. *To that end, either party may compel the other to disgorge whatever facts he has in his possession.* The deposition-discovery procedure simply advances the stage at which the disclosure can be compelled from the time of trial to the period preceding it, thus reducing the possibility of surprise.

*Id.* at 501, 507 (emphasis added).

The issue presented in this case would, therefore, appear to be resolved by the plain language of the current version of the work product rule and the original intent behind the creation of work product immunity. Ordinarily, of course, a complaint alleges only facts and thus an interrogatory asking for persons with knowledge would require the identification of all persons with knowledge, and not necessarily a ranking by the

responding party of which of those particular persons has the most damning knowledge of facts against the discovering party. Similarly, an interrogatory asking for identification of relevant documents would not require a responding party to isolate those particular documents that *really, really* help one's cause. Consequently, a non-specific identification of those witnesses and those documents would clearly satisfy a party's obligations under Rule 26. And, at the same time, a request that sought an attorney's own evaluation of how important one witness was from another witness would, in that case, give rise to opinion work product protection.

What happens, however, when the plaintiff's complaint highlights a particular witness's role and, voluntarily, specifies the particular importance that witness may have in the overall scheme of the case? Under Rule 26, the plaintiff has then clearly generated a "discoverable matter" as that term is used in Rule 26(a) and given rise to a duty to disclose that witness in response to a Rule 26 discovery request asking for the identity of such persons with such knowledge. In other words, the "fact" here is that this person is the one who played a key role in providing a key bit of information that resulted in a factual allegation in the complaint. That "fact" is just as discoverable, under these circumstances, as any other fact known to the plaintiff which must be disclosed prior to trial to provide the defendant with "*the fullest possible knowledge of the issues and facts before trial*" that *Hickman* requires.

The Plaintiffs in this case see it differently. They seek to raise a work product claim, not to production of documents but instead to disclosure of facts known to the Plaintiffs and their lawyers: the identity of those key individuals that were so unique that they could be referenced, albeit under a cloak of confidentiality, in the complaint. The cases Plaintiffs rely upon for that claim, however, are either distinguishable factually or otherwise not persuasive. The Court's review of those cases, as well as the cases cited

in the Defendants' Motion, reveals that the majority of courts that have examined analogous issues have reached the very conclusion we reach here: that the work product immunity does not allow Plaintiffs to conceal the identity of those "Confidential Witnesses" identified by title in the complaint. *See, e.g., In re Aetna, Inc. Sec. Litig.*, 1999 WL 354527 (E.D. Pa. May 26, 1999); *American Floral Servs., Inc. v. Florists' Transworld Delivery Ass'n,* 107 F.R.D. 258 (N.D. Ill. 1985); *In re Theragenics Corp. Sec. Litig.,* 205 F.R.D. 631 (N.D. Ga. 2002).

That is not to say, of course, that Plaintiffs' position is not without a good faith justification. There is certainly facial appeal to much of what Plaintiffs have argued, from a policy perspective. That policy choice, however, has been rejected by the Congress to the extent that the Congress has not provided special discovery protections – outside of the national security context – for witnesses like these. The fact that a "whistleblower's" identity may be revealed in litigation is certainly a risk that any such person must take. That does not mean that one is not without protection, as whistleblower statutes may certainly apply and protect someone in that position from unlawful retaliation. But a true whistleblower who comes forward in civil litigation certainly also understands that his or her identity will be revealed by the time of trial. The discovery rules ensure, however, that a party faced with that type of adverse testimony will learn about that testimony sooner – in discovery – and not just on the witness stand at trial. *Hickman,* 329 U.S. at 507 ("The deposition-discovery procedure simply advances the stage at which the disclosure can be compelled from the time of trial to the period preceding it, thus reducing the possibility of surprise.").

In this case the Court is also confused as to how relevant this whistleblower argument is, given Plaintiffs' concession that the persons we are speaking about are former employees of Concord Camera. If there is no factual dispute that they are former

employees, just exactly how is it that revealing their identities could result in material prejudice to them now? If that potential harm is due to their new positions with a new employer, why is that a problem that should trump these Defendants' rights to discovery under Rule 26 in this case? Perhaps the Court has misunderstood the nature of the perceived threat here. But regardless, that policy concern cannot rewrite the language of Rule 26 or give rise to a brand new discovery immunity that heretofore has never been recognized.

Additionally, to the extent Plaintiffs' policy concerns should be taken into account at all, those issues may be relevant at the start of litigation. At that early stage of a case, a party's ability to solidify a particular witness's role in the facts alleged may be difficult. And until that is undertaken, perhaps the "confidential" nature of the witness can be protected. But once a case proceeds in discovery and nears the time of trial, whatever policy protections prevented the disclosure of that witness's identity also evaporate when balanced against the operative requirements of Rule 26. Under Rule 26(a)(3), a party must then disclose the names of those witnesses it intends to rely upon at trial – not just those persons with some knowledge. That is the time when, at the latest, a party must reveal whether or not such previously unidentified persons will in fact be "revealed" at trial. In that situation, that party has an obligation to disclose the names of those previously unidentified persons.

In other words, the work product protection of an attorney's initial investigation in a case, to the extent it can ever apply to the names of certain persons *identified in the complaint*, must give weigh to the due process rights of the adverse party in obtaining the full breadth and scope of the evidence that will be used against it at trial. That is indeed the point that appears to be made by several of the cases cited in Plaintiffs' response, i.e. one should not have to identify all "confidential informants" that one learns about unless

those informants will then become trial witnesses that are relied upon at trial. *See Electronic Data Systems Corp. v. Steingraber,* U.S. Dist. LEXIS 11816, at *3 (E.D. Tex. June 27, 2003); *In re Ashworth, Inc. Sec. Litig.,* 213 F.R.D. 385, 386 (S.D. Cal. 2002).

In this case, for instance, Plaintiffs' objection to the interrogatories served that asked for the names of the "Confidential Witnesses" cited, in part, as one reason why immediate disclosure of those names was not required the fact that Judge Lenard's Order did not require production of trial witnesses until March 30, 2007 – thirty days prior to trial as per Rule 26(a)(3). Assuming that was the correct position to take at the time, Plaintiffs' objection should now be moot because that time is now approaching. The discovery phase of the case is drawing to a close, and Plaintiffs have now determined which, if any, "Confidential Witnesses" will be revealed at trial. Therefore, now is the latest time at which those witnesses must be revealed in discovery so that Defendants can decide whether or not to depose them, unless of course those witnesses have already been deposed, in which case Defendants have already learned what that witness had to say.

On the other hand, if Plaintiffs intend to treat those witnesses merely as confidential sources, and not truly as "witnesses" whose identities will be revealed at trial, then Plaintiffs are justified in their refusal to disclose those persons in discovery. *See, e.g., In re Cigna Corp. Secs. Litig.,* 2006 U.S. Dist. LEXIS 3864, *10 (E.D. Pa. Jan. 31, 2006) (denying request for disclosure of confidential informants, concluding that "requiring specific identification of confidential sources from among the universe of individuals with relevant knowledge in a securities fraud case would chill informants from providing critical information which may end up being in the public eye."); *Novak v. Kasaks,* 216 F.3d 300, 314 (2d Cir. 2000) ("Imposing a general requirement of disclosure of confidential sources serves no legitimate pleading purpose while it could

deter informants from providing critical information to investigators in meritorious cases or invite retaliation against them.").

Therefore, the Court finds that the work product immunity, and specifically Rule 26(b)(3), does not apply with respect to any "Confidential Witnesses" identified as such in the Complaint who are expected to be used or relied upon at trial (either through admissible hearsay statements or live testimony). To that extent, Plaintiffs must respond to the interrogatories at issue and provide the specific names of those witnesses Plaintiffs referred to when they alleged that they were "Confidential Witnesses" in the Complaint. At the same time, if Plaintiffs no longer intend to use or rely upon those witnesses at trial, Plaintiffs need not disclose their identities in discovery.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED**:

1. Defendants' Motion to Compel Lead Plaintiff to Disclose the Identities of the Confidential Witnesses [D.E. 88] is **GRANTED** subject to the limitations set forth above.

2. Plaintiffs shall supplement their earlier interrogatory answers and provide the names of all "Confidential Witnesses" that are to be used at or relied upon at trial, and with reference to the particular allegation(s) of the Complaint referenced, by no later than March 30, 2007.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of March, 2007.

_____
EDWIN G. TORRES
United States Magistrate Judge