UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-61159-CIV-LENARD/TORRES

STEPHEN J. MAZUR, individually and
on behalf of all others similarly situated,

        Plaintiff,

vs.

IRA B. LAMPERT, HARLAN PRESS,
RICHARD FINKBEINER, BRIAN F. KING
and CONCORD CAMERA CORP.,

        Defendants.
_____/

## ORDER GRANTING MOTION TO EXCEED TEN
## DEPOSITION LIMIT TO TAKE DEPOSITION OF HARLAN PRESS

This matter comes before the Court upon Lead Plaintiff's Motion for leave to excess the ten deposition limit to take the deposition of Individual Defendant Harlan Press [D.E. 101]. The Court has reviewed the Motion, Defendants' response in opposition, and Plaintiff's reply, as well as the entire record in the case. For the reasons that follow, the Court will grant Plaintiff's Motion.

    1.    Plaintiff argues that good cause exists to exceed the normal ten-deposition limit in this case for purposes of taking one additional deposition – that of individual Defendant Harlan Press. Plaintiff also argues that the deficiencies in the record that the Court found in denying an earlier motion to exceed the ten-deposition limit [D.E. 90] are not present here and that, to the contrary, the record now

supports the granting of this motion. Defendants oppose the motion, arguing that no good cause exists, that Plaintiff has failed to justify the necessity of taking the ten depositions already taken, and that Mr. Press's deposition would be cumulative of discovery already available to Plaintiff.

    2.    When a party seeks leave to take more than ten depositions as limited by Fed. R. Civ. P. 30(a)(2)(A), the Court's decision whether to grant such a request is governed by the principles set out in Rule 26(b)(2):

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking in to account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2).

    3.    Accordingly, a party seeking more than ten depositions in a case must justify the necessity of each deposition *previously taken* without leave of court. *See Barrow v. Greenville Indep. School Dist.*, 202 F.R.D. 480, 482 (N.D. Tex. 2001). Moreover, the moving party must make a particularized showing why extra depositions are necessary. *Id.*; *Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minn.*, 187 F.R.D. 578, 586 (D. Minn. 1999).

4. Moreover, Rule 30(a)(2)(A) clearly contemplates that a party has already taken ten depositions before a motion is filed seeking leave of court for a "proposed deposition [that] would result in more than ten depositions being taken under this rule. . . ." Unlike the earlier similar motion filed in this case that the Court denied, the present Motion is not procedurally defective under this rule. Plaintiff has exhausted the normal deposition limit, and now timely argues that one additional deposition should be permitted.

5. Upon review of the grounds set forth in this Motion, the Court finds that Plaintiff has sufficiently met its burden of showing why this one additional deposition should be permitted. The earlier ten depositions do not appear, with a few arguable exceptions, to have been unnecessary in a complex securities fraud action. And the Court finds that Mr. Press's deposition is relevant and necessary for Plaintiffs to meet their difficult burden of proof in this case. Given the relative importance of his position within Concord Camera, the need for his deposition is compelling. That being said, Defendants' arguments are well taken. But we do not with agree with Defendants that one additional deposition in this case poses the type of onerous burden that Defendants' opposition suggests.

6. The record supports the Court granting this one additional deposition, but no others will be granted hereafter, especially because the discovery cutoff in this case is rapidly approaching.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Exceed Ten Deposition Limit is **GRANTED**. Upon coordination with Defendants and Mr. Press, Plaintiff is granted leave to take one additional deposition in this case of Mr. Press, for no more than seven deposition hours.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of June, 2007.

_____
EDWIN G. TORRES
United States Magistrate Judge